UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
UNITED STATES OF AMERICA                                                :
                                                                        :
            -v-                                                         :        11-CR-483-2 (JMF)
                                                                        :
BERNARDO CONTRERAS ORTEGA,                                              :        MEMORANDUM OPINION
                                                                        :        AND ORDER
            Defendant.                                                  :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On June 30, 2015, the Court sentenced Defendant Bernardo Contreras Ortega, after he

had pleaded guilty to conspiracy to traffic more than a metric ton of cocaine into the United

States, to 156 months' imprisonment — well below the Sentencing Guidelines range of 235 to

293 months' imprisonment.  *See* ECF No. 316; ECF No. 320 ("Tr.").  That "pretty substantial

variance" was based primarily, if not exclusively, on "the seriousness of his medical condition"

— the fact that he suffered from incomplete quadriplegia and had been wheelchair bound since a

car accident in 2001 and that his condition was expected to get progressively worse.  *See* Tr. 24.

Through counsel, Mr. Contreras Ortega now moves, pursuant to 18 U.S.C.

§ 3582(c)(1)(A), for compassionate release.  *See* ECF No. 404 ("Def.'s Mem.").  In the wake of

the First Step Act, Section 3582 provides that the Court "may reduce" a defendant's term of

imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a

reduction" *and* that "such a reduction is consistent with applicable policy statements issued by

the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See* 18

U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Brooker*, 976 F.3d 228, 233-37 (2d Cir.

2020).[1]  Mr. Contreras Ortega, as the movant, "has the burden to show that he is entitled to a sentencing reduction."  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Upon review of the parties' papers, the motion is denied, substantially for the reasons set forth in the Government's response.  *See* Gov't Mem. 4-6.[2]  First, Mr. Contreras Ortega's argument relating to COVID-19 falls short because he has been fully vaccinated with the Pfizer vaccine.  *See* ECF No. 406.[3]  As a result, he "now has significant protection against serious illness or death should he contract COVID-19."  *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *3 (M.D. Pa. Mar. 11, 2021).  Whether the issue is considered in reference to the existence of "extraordinary and compelling reasons" justifying relief or to the sentencing factors set forth in Section 3553(a), the result is the same: Mr. Contreras Ortega fails to show that relief is warranted due to the risks of COVID-19.  *See id.* at *3 & n.36 (citing cases).[4]

That leaves the state of Mr. Contreras Ortega's health.  The Court has sympathy for Mr. Contreras Ortega, who faces an array of significant medical challenges.  But his challenges do not support the relief he seeks for one simple reason: The Court took account of both his serious

---

[1]    Where, as here, a defendant himself moves for compassionate release, the statute imposes a mandatory exhaustion requirement, *see* 18 U.S.C. § 3582(c)(1)(A), which Mr. Contreras Ortega appears to have satisfied.  *See* Def.'s Mem. 3; ECF No. 410 ("Gov't Mem."), at 4 n.1.

[2]    The Government's request to file Mr. Contreras Ortega's medical records under seal is granted.  *See* Gov't Mem. 4 n.2.

[3]    Regrettably, counsel did not disclose that fact in his initial motion papers.  He disclosed it only after the Court directed the parties to "address whether or when the Defendant would be eligible to receive a COVID-19 vaccine."  ECF No. 405.  The duty of candor to the Court required more.

[4]    That conclusion is strengthened by the fact that conditions at FMC Fort Worth, where Mr. Contreras Ortega is incarcerated, are not that bad at the moment — and appear to be improving.  At present, there are zero positive inmates and only two positive staff members; and 57% of the inmate population (748 out of 1,322) is fully vaccinated.  *See* https://www.bop.gov/coronavirus/ (last visited Apr. 20, 2021).

health issues and the fact that they were likely to get progressively worse with time when imposing sentence in 2015.  *See* Tr. 24.  In fact, the Court relied on Mr. Contreras Ortega's health — and the likelihood that it would get considerably worse — in granting a "pretty substantial variance."  *Id.*  To be sure, by any reasonable standard, the sentence imposed still ranks as lengthy.  But that is due to the other Section 3553(a) factors, including the seriousness of Mr. Contreras Ortega's crimes and the fact that his medical condition "didn't stop him from committing" them.  *Id.* at 26-27.  Put simply, the Court is "hard pressed to conclude that, whereas [these] factors justified" the sentence that was imposed in 2015, "the same factors suddenly justify" a shorter or "time-served sentence today."  *United States v. Roberts*, No. 18-CR-528-5 (JMF), 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020); *see also United States v. Credidio*, No. 19-CR-111-1 (PAE), ECF No. 62, at 1 (S.D.N.Y. Mar. 30, 2020) (refusing to reduce a sentence to time served pursuant to Section 3582(c) on the ground that "a lengthy term of imprisonment is required for [the defendant] for all the reasons reviewed at sentencing").

Accordingly, Mr. Contreras Ortega's motion is DENIED.  Denial of the motion, however, is without prejudice to a new application "should future evidence demonstrate that new COVID-19 variants render the [Pfizer] vaccine significantly less effective at preventing serious illness or death from COVID-19, such that [Mr. Contreras Ortega] is at a substantial risk of serious illness or death from a COVID-19 infection."  *Singh*, 2021 WL 928740, at *4.

The Clerk of Court is directed to terminate ECF No. 404.

SO ORDERED.

Dated: April 21, 2021
      New York, New York
                                            JESSE M. FURMAN
                                    United States District Judge